38 N.J. Super. 293 (1955)
118 A.2d 712
STANDARD OIL DEVELOPMENT COMPANY EMPLOYEES UNION, A NON-PECUNIARY CORPORATION ORGANIZED UNDER THE LAWS OF THE STATE OF NEW JERSEY, AND MAURICE A. O'KEEFE, GEORGE T. KREVETSKE, EDWARD F. KOBLY, THOMAS J. LOGUE, ELWOOD VICK, WILLIAM JAMES, INDIVIDUALLY AND JOINTLY, PLAINTIFFS-RESPONDENTS,
v.
ESSO RESEARCH & ENGINEERING COMPANY, A CORPORATION AUTHORIZED TO DO BUSINESS IN THE STATE OF NEW JERSEY, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued December 5, 1955.
Decided December 7, 1955.
*294 Before Judges CLAPP, JAYNE and FRANCIS.
Mr. Frederick E. Riethmuller argued the cause for the respondents (Mr. Jacob Friedland and Mr. John F.X. Landrigan, attorneys).
Mr. William L. Dill, Jr., argued the cause for the appellant (Messrs. Stryker, Tams & Horner, attorneys).
The opinion of the court was delivered by FRANCIS, J.A.D.
A petition for rehearing has been presented in this cause, the employer contending that under our decision nothing remains for arbitration.
The opinion adverted to the difficulty created by the very general nature of the question which the union presented for arbitration. The issue was so broad that we exerted special efforts to ascertain its precise boundaries from the briefs and oral argument.
As the result, we concluded that a duty existed to arbitrate the following problem of interpretation of the collective bargaining contract:
When promotions are to be made from Technician I to Senior Technician, is the company bound to consider the merit of the candidates (as defined in paragraph 2 of the Senior Technician provision of the Job Classification Schedule) in order of their seniority?
*295 The company says now that "as an abstract proposition" it "concedes that when there are a limited number of vacancies to which promotion might be made," it "would have to consider the ability of the candidates in order of their seniority." But it argues that in this case the issue of seniority is of no consequence because when the new Senior Technician classification was established, every employee who was then a Senior Operator, Operator or Senior Laboratory Assistant, including all of the plaintiffs, was studied on an individual basis for designation as Senior Technician, and each plaintiff was rejected after consideration only because in the judgment of the company he lacked what was deemed to be the requisite ability.
The theme of the argument seems to be that even if, in making the promotions, consideration was not given in order of length of service, since all employees, including the plaintiffs, were evaluated for the purpose and since the plaintiffs were specifically rejected as not being qualified, the good faith of this decision not being impugned, no prejudice or harm was suffered by them. If we were dealing with a judgment of a court after trial of an action and error appeared which was not prejudicial, of course there would be no reversal. But the inquiry here transcends that limit. Arbitration in such a situation, where interpretation of the agreement is involved, not only resolves the particular controversy but establishes the meaning of the language which will govern the subject in future dealings between the parties.
Thus it is not a full solution to say that regardless of seniority all eligible employees were considered and plaintiffs rejected only for lack of adequate ability. In the framework of the case, and despite the fact that the good faith of the company's appraisal of plaintiffs' ability is not challenged, plaintiffs (and the union, which is also a party to the proceedings) are entitled to know whether their qualifications should have been passed upon in order of seniority at the time of these promotions, and for purposes of future promotions, which may be limited in number, whether the candidates *296 must have their ability reviewed in order of their seniority.
As noted earlier, the employer says it would concede as an abstract proposition that if a limited number of Senior Technician designations were to be made, the ability of eligible employees would have to be considered in order of seniority. But on the next page of the petition for rehearing it quotes from a letter written to the union by one of its representatives, as follows:
"Appointments of Technicians I to Senior Technician are not limited by job availability, and all Technician I's are considered eligible for promotion once they have met the one-year top salary requirement as Technician I. Because of this situation, service other than that indicated is not a factor and the promotion of a shorter-service employe has no effect on the availability of similar jobs for a man with longer service."
We have great difficulty reconciling the concession referred to with the quoted statement that length of service is not a factor so long as the employee has received the top salary as a Technician I for at least one year.
Manifestly no useful purpose would be served by arbitrating an issue which is not in dispute. If the company will prepare and present a stipulation in the affirmative of the question posed above, and indicating that such is the intended and agreed construction of the contract for future application to Senior Technician promotions, the cause will be treated as having become moot and the action remanded for dismissal of the complaint.
Assuming this course is adopted, the stipulation should be presented to the plaintiffs for approval as to form. If agreement is not reached thereon, the matter may be presented to us on notice.
In the absence of such a stipulation, our judgment will not be disturbed.